**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy Case |
| THE TRULAND GROUP, INC., *et al*., | ) | No. 14-12766-BFK |
| | ) | Jointly Administered |
| Debtors. | ) | Chapter 7 |
| | ) | |
| | ) | |
| KLINETTE H. KINDRED, IN HER CAPACITY | ) | |
| AS TRUSTEE FOR THE TRULAND GROUP, | ) | |
| INC., *et al.* | ) | |
| 300 N. Washington Street, Suite 202 | ) | |
| Alexandria, Virginia 22314 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. _____ |
| | ) | |
| FORT MYER CONSTRUCTION | ) | |
| CORPORATION, | ) | |
| | ) | |
| SERVE: | ) | |
| | ) | |
| CT Corporation System, Registered Agent | ) | |
| 4701 Cox Road, Suite 285 | ) | |
| Glen Allen, Virginia 23060 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT TO AVOID TRANSFERS,**
**RECOVER PROPERTY AND FOR RELATED RELIEF**

Valerie P. Morrison, Va. Bar No. 24565
Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 712-2800
Counsel to the Chapter 7 Trustee

~#4834-2536-7345~

COMES NOW Klinette H. Kindred, in her capacity as trustee ("Trustee" or "Plaintiff") for The Truland Group, Inc., *et al.* ("Debtors")[1], by and through her undersigned counsel, and files this Complaint to Avoid Transfers, Recover Property and for Related Relief pursuant to 11 U.S.C. §§ 502, 547, 548, 549, 550 and 551 ("Complaint") against Fort Myer Construction Corporation ("Defendant"), stating to the Court as follows:

## BACKGROUND AND JURISDICTION

1. On information and belief, the Defendant provided goods and/or services to one or more of the Debtors at varying times prior to the Petition Date[2].

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (F) and (O).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. On July 22, 2014 involuntary chapter 7 cases (the "Involuntary Cases") were commenced against the following Debtors (hereafter, the "Involuntary Debtors"): Truland

---

[1] The Debtors are the following entities: The Truland Group, Inc., a Virginia corporation ("The Truland Group, Inc.") (14-12766-BFK), Truland Service Corporation, a Virginia corporation ("Truland Service Corporation")(14-12773-BFK), Snowden River Corporation, a Maryland corporation ("Snowden River Corporation")(14-12772-BFK), Tech, Inc., a Virginia corporation ("Tech, Inc.")(14-12770-BFK), Truland Systems Corporation, a District of Columbia corporation ("Truland Systems Corporation") (14-12767-BFK), Northside Truland Electric, LLC, a Virginia corporation ("Northside Truland Electric, LLC")(14-12775-BFK), The Truland Group of Companies, Corp., a Delaware corporation ("The Truland Group of Companies, Corp.")(14-12771-BFK), Pel-Bern Electric Corporation, a Maryland corporation ("Pel-Bern Electric Corp.")(14-12768-BFK), Truland Walker Seal Transportation, Inc., a Virginia corporation ("Truland Walker Seal Transportation, Inc.")(14-12774-BFK) and Blumenthal Kahn Truland Electric, LLC, a Maryland limited liability company ("BK Truland Electric, LLC")(14-16769-BFK).

[2] As used herein, the term "Petition Date" means July 22, 2014 with respect to the Involuntary Debtors and July 23, 2014 with respect to all other Debtors.

2

~#4834-2536-7345~

Service Corporation, Truland Systems Corporation, Pel-Bern Electric Corp., and BK Truland Electric, LLC.

6. On July 23, 2014, each of the Debtors filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court") commencing their chapter 7 cases (collectively, the "Bankruptcy Cases," and each individually, a "Bankruptcy Case"). The Bankruptcy Cases are being jointly administered.

7. The Trustee was subsequently appointed chapter 7 trustee in the Bankruptcy Cases.

8. Pursuant to the Orders for Relief, Consolidation and Joint Administration entered by the Court on November 20, 2014, the Involuntary Cases were consolidated for administrative purposes with the other Bankruptcy Cases.

9. Prior to the Petition Date, the Debtors operated an electrical contracting business. In conjunction with their business affairs, the Debtors maintained business relationships through which they regularly purchased, sold, received, and/or delivered equipment, goods and services.

10. During the ninety (90) days before the Petition Date, (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to certain entities, including the Defendant.

11. During the course of their relationship, the Debtors and the Defendant entered into agreements, evidenced by invoices, communications and/or other documents (collectively, the "Agreements"), pursuant to which the Debtors and the Defendant conducted business with one another.

12. In bringing this Complaint, Plaintiff has conducted an analysis of certain business records and information of the Debtors. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that are otherwise avoidable. It is Plaintiff's intention to avoid and recover all transfers made by the Debtors of an interest of the Debtors in property to or for the benefit of the Defendant.

13. To the extent that the Debtors' records do not accurately identify all transfers made by the Debtors of an interest in the Debtors' property, including but not limited to any transfers that cleared post-petition, Plaintiff reserves its right to amend this Complaint to include: (i) further information regarding the Avoidable Transfers, (ii) additional transfers, (iii) modifications of and/or revision of the Defendant's name or identity, (iv) additional defendants, and/or (v) additional causes of action (collectively, the "Amendments"), that may become known to Plaintiff at any time during the pendency of this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Complaint.

## COUNT I – PREFERENTIAL TRANSFERS UNDER 11 U.S.C. § 547

14. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

15. On or within ninety days prior to the Petition Date, the Debtor(s) identified on Exhibit A ("Debtor Transferor(s)") made one or more transfers to or for the benefit of the Defendant (each an "Avoidable Transfer" and, together, the "Avoidable Transfers"), including those set forth on the chart annexed hereto as Exhibit A, which is incorporated herein by reference.

~#4834-2536-7345~

16. The Avoidable Transfers were transfers of an interest in property of the Debtor Transferor(s).

17. The Avoidable Transfers were each made on account of an antecedent debt owed by the Debtor Transferor(s) to the Defendant before each Avoidable Transfer was made.

18. At the time each of the Avoidable Transfers was made, the Defendant was a creditor of the Debtor Transferor(s).

19. The Debtors were insolvent when each of the Avoidable Transfers was made. The Plaintiff is entitled to the presumption of insolvency for each Avoidable Transfer pursuant to 11 U.S.C. § 547(f).  Further, as evidenced by the Debtors' Schedules as well as the proofs of claim filed against the Debtors, the Debtors' liabilities exceed their assets. It is anticipated that creditors will receive less than full value on account of their allowed claims against the Debtors.

20. The Avoidable Transfers enabled the Defendant to receive more than the Defendant would have received if: (a) the Bankruptcy Cases were cases under chapter 7 of the Bankruptcy Code; (b) the Avoidable Transfers had not been made; and (c) the Defendant received payment on its claim to the extent provided by the provisions of the Bankruptcy Code.

21. The Avoidable Transfers are avoidable preferences pursuant to 11 U.S.C. § 547(b).

22. Despite due demand, the Defendant has failed and refused to remit the amount of the Avoidable Transfers to the Plaintiff.

23. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that each of the Avoidable Transfers is avoided.

**COUNT II - TO AVOID FRAUDULENT
TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 and 544(b)**

24. The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

~#4834-2536-7345~

25. The Avoidable Transfers were made within two (2) years prior to the Petition Date.

26. The Avoidable Transfers were made to, or for the benefit of, the Defendant.

27. Subject to proof, Plaintiff pleads, in the alternative, that to the extent one or more of the Avoidable Transfers was not on account of an antecedent debt, the Debtor Transferor(s) did not receive reasonably equivalent value in exchange for the Avoidable Transfers, either (a) because the value of the services and/or goods received was in fact less than the value of the Avoidable Transfers or (b) because the Debtor that received such goods and/or services or incurred the debt was not the Debtor Transferor(s) and the Debtor Transferor(s) was: (i) insolvent on the dates of the Avoidable Transfers or became insolvent as a result of the Avoidable Transfers; and/or (ii) engaged in business or a transaction for which any property remaining with that Debtor was an unreasonably small capital at the time of, or as a result of, the Avoidable Transfers; and/or (iii) the Debtor Transferor(s) intended to incur, or believed that it would incur, debts that would be beyond that Debtor Transferor(s)' ability to pay as such debts.

28. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as fraudulent transfers.

## COUNT III - AVOIDANCE OF UNAUTHORIZED POST-PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

29. The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

30. To the extent any transfers made to the Defendant, including the Avoidable Transfers, were transfers of an interest in the property of the estate that cleared the applicable Debtor's bank account after the Petition Date (the "Post-Petition Transfers"), such Post-Petition Transfers were authorized only under section 303(f) or section 542(c) of the Bankruptcy Code,

~#4834-2536-7345~

were not authorized by the Court or authorized under the Bankruptcy Code, and are, accordingly, avoidable pursuant to 11 U.S.C. § 549.

## COUNT IV – RECOVERY OF PROPERTY UNDER 11 U.S.C. § 550

31. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

32. As alleged above, Plaintiff is entitled to avoid each of the Avoidable Transfers under 11 U.S.C. § 547.

33. Defendant is the initial transferee of each Avoidable Transfer or the entity for whose benefit each Avoidable Transfer was made, or an immediate or mediate transferee of such initial transferee of each of the Avoidable Transfers.

34. The Plaintiff is entitled to recover for the estate the proceeds or value of the Avoidable Transfers under 11 U.S.C. § 550.

35. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 550 that the proceeds or value of each of the Avoidable Transfers is recovered for the benefit of the estate.

## COUNT V - TO PRESERVE PROPERTY PURSUANT TO 11 U.S.C. § 551

36. The Plaintiff repeats and realleges each and every allegation contained in the above paragraphs, inclusive, as though fully set forth herein.

37. The Avoidable Transfers are property of the estates of one or more of the Debtors.

38. Each of the Avoidable Transfers, or the value thereof, should be preserved for the benefit of the applicable Debtor's estate pursuant to § 551 of the Bankruptcy Code.

## COUNT VI – DISALLOWANCE OF CLAIMS UNDER 11 U.S.C. § 502(D)

39. Plaintiff repeats and realleges the allegations in the above paragraphs, inclusive, as though fully set forth herein.

40. Defendant is the transferee of the Avoidable Transfers.

41. The Avoidable Transfers are recoverable by the Plaintiff under 11 U.S.C. § 550.

42. Pursuant to 11 U.S.C. § 502(d), if Defendant is liable for any avoidable transfer under 11 U.S.C. § 547, then any claims held by the Defendant against the Debtors' estates must be disallowed unless and until the Defendant pays the amount of the Avoidable Transfers to the Plaintiff.

43. Defendant has not returned or paid the value of the Avoidable Transfers to the Plaintiff.

44. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 502(d) that all of Defendant's claims against the Debtors' estates are disallowed.

WHEREFORE, the Plaintiff prays for judgment for Plaintiff and against the Defendant:

1. In the amount of the Avoidable Transfers, together with costs of suit incurred herein, including, without limitation, attorneys' fees; and pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law;

2. Determining that each of the Avoidable Transfers is avoidable as a preferential transfer under Section 547 of the Bankruptcy Code, or alternatively, that each of the Avoidable Transfers is avoidable under Section 548 of the Bankruptcy Code, and that Plaintiff is entitled to recover each of the Avoidable Transfers under Section 550 of the Bankruptcy Code (plus such additional transfer amounts that Plaintiff learns, through discovery or otherwise, were made by the Debtors to the Defendant during the ninety-day period preceding the Petition Date);

3. Determining that any transfers of estate property made to Defendant after the Petition Date are avoidable under Section 549 of the Bankruptcy Code and that Plaintiff, on behalf of the Debtors' estates is entitled to recover any post-petition transfers;

~#4834-2536-7345~

4.  Disallowing any and all of Defendant's claims against the Debtors' estates under Section 502(d) of the Bankruptcy Code, unless and until the amount of any judgment for avoidance and recovery of the Avoidable Transfers is paid by Defendant to Plaintiff, on behalf of the Debtors' estates; and

5.  For such other and further relief as the Court may deem just and proper.

Dated: June 30, 2016

Respectfully submitted,

KLINETTE H. KINDRED, TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860

By:   /s/ Valerie P. Morrison
      Valerie P. Morrison, Va. Bar No. 24565
      Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Chapter 7 Trustee*

~#4834-2536-7345~